**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **SARAH GEIGER** | **CASE NO.  6:22-CV-00374 LEAD** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **GRAVOIS ALUMINUM BOATS L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

**MEMORANDUM ORDER AND JUDGMENT**

By Order dated February 22, 2024 (Rec. Doc. 64), this Court granted Plaintiff's Motion to Compel and for Sanctions (Rec. Doc. 25) and directed that Plaintiff file a bill of costs associated with the filing of the operative motion within thirty days of its issuance.  Plaintiff timely filed her bill of costs on March 25, 2024.  (Rec. Doc. 70).  Under the February 22 Order, Defendants were instructed to file any desired opposition within fifteen days of the filing of the bill of costs.  (Rec. Doc. 64).  Thereafter, a Notice of Motion Setting (Rec. Doc. 71) issued, providing additional delays, including a 21-day delay for the filing of any opposition by Defendants.  As of the date of this Memorandum Order, no brief in opposition has been filed by Defendants.  Accordingly, this Court takes up the bill of costs as unopposed.

Plaintiff's bill of costs calculates the attorney fees attributable to the filing of the prior Motion to Compel and for Sanctions at $3,305.00.  (Rec. Doc. 70 at p. 1).  In support of this claim, Plaintiff attaches billing records and a verifying affidavit by counsel.  (Rec. Doc. 70-1).  Counsel's billing records reflect a total of 10.7 hours of attorney time expended in the filing and defense of Plaintiff's motion.  (*Id.* at p. 2).  Counsel's affidavit attests to a fee arrangement negotiated with Plaintiff for $325.00 per hour for attorney Michael Dodson's time and $250.00 per hour for attorney Monica Bergeron's time.  (*Id.* at p. 2).  Counsel's affidavit further attests that Mr. Dodson expended 8.4 hours of relevant time and Ms. Bergeron expended 2.3 hours

of relevant time.  (*Id.* at p. 2).  The calculation offered in support of the total relief requested

is thus:

| | | |
|---|---|---|
| Michael Dodson | 8.4 hours @ $325 per hour | = $2730.00 |
| Monica Bergeron | 2.3 hours @ $250 per hour | = $575.00. |

(*Id.* at p. 2).

Pursuant to Fed. R. Civ. P. 37(a)(5)(A),

> the court shall…require the party…whose conduct necessitated
> the motion or the party advising such conduct or both of them to
> pay the moving party the reasonable expenses incurred in
> making the motion, including attorney fees.

Plaintiff's motion specifies that no costs are sought in this instance because no costs

were incurred.  (Rec. Doc. 70 at p. 1).  Therefore, attorney fees in the amount of $3,305.00

represent the totality of relief requested by the movant.

Courts consider the amount of reasonable attorney fees due under Fed. R. Civ. P. 37

in a two-part analysis, beginning first with the lodestar method.  *Combs v. City of

Huntington, Tex.*, 829 F.3d 388, 391–92 (5th Cir. 2016) (citing *Jimenez v. Wood Cty.*, 621 F.3d

372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011) (two-step analysis

affirmed on rehearing)).  "A lodestar is calculated by multiplying the number of hours

reasonably expended by an appropriate hourly rate in the community for such work."

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  Next, the court must

consider whether upward or downward departure from the lodestar is warranted according

to the *Johnson* factors:

(1)     Time and labor involved;
(2)     Novelty and difficulty of the questions;
(3)     Skill required to perform the legal services properly;
(4)     Preclusion of other employment;
(5)     Customary fee;
(6)     Fixed or contingent fee;
(7)     Time limitations;
(8)     Time involved and results obtained;
(9)     Experience, reputation, and ability of counsel;
(10)    Undesirability of the case;

(11)    Nature and length of the professional relationship with client; and
(12)    Awards in similar cases.

*Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974).

The undersigned finds the hourly rates claimed by counsel, falling within counsel's customary rates and claimed pursuant to a fixed fee arrangement with Plaintiff, are not unreasonable and are, further, not contested as unreasonable by Defendants.  *Creecy v. Metropolitan Prop. & Cas. Ins. Co.*, 548 F.Supp.2d 279, 284 (E.D. La. 2/28/2008) (burden shifts to the opposing party to contest reasonableness once the court fixes the lodestar) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3rd Cir. 1990)).  Defendants similarly do not oppose the claimed expended hours as unreasonable.  Considering the presumption of reasonableness afforded to the lodestar, uncontested by the nonmoving party, this Court finds the lodestar to be reasonable as set.  *Combs*, 829 F.3d at 392 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)).

This Court finds no basis for upward or downward departure from the lodestar based on any of the *Johnson* factors.  The undersigned notes that the lodestar fairly compensates counsel for the type and difficulty of the motion practice undertaken and the results obtained.

Accordingly, it is hereby

ORDERED that Plaintiff's pending Motion for Attorney Fees (Rec. Doc. 70) is GRANTED and, therefore, Judgment is hereby

ENTERED in favor of Plaintiff and against defendants Gravois Aluminum Boats, LLC in the amount of $3,305.00, representing this Court's award of attorney fees pursuant to Fed. R. Civ. P. 37(a)(5)(A).

THUS DONE AND SIGNED this 25th day of April, 2024 at Lafayette, Louisiana.

David J. Ayo
United States Magistrate Judge