UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SARAH GEIGER | CASE NO. 6:22-CV-00374 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GRAVOIS ALUMINUM BOATS L L C | MAGISTRATE JUDGE DAVID J. AYO |

## REPORT AND RECOMMENDATION

Before this Court are two Motions to Dismiss filed by defendant Christopher Allard. (Rec. Docs. 31, 19).[1] Plaintiff Sarah Geiger opposes both motions. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that Allard's motions be GRANTED in part and DENIED in part as further explained below.

## Factual Background

Geiger seeks relief against Gravois Aluminum Boats, LLC ("GAB") (her former employer), Allard (her former husband and GAB Chief Operating Officer), Jimmy Gravois (GAB President), and other entities in a series of suits arising from contracts allegedly confected among the parties. Geiger's first suit, under which all are now consolidated ("*Geiger I*"), names only GAB and asserts claims for breach of a promissory note, breach of sale of stock, and rescission of the sale of stock. (Rec. Doc. 18). Geiger's second suit as amended, ("*Geiger II*," Civ. Act. No. 22-cv-5877), names GAB, Allard, and Jimmy Gravois as defendants and asserts claims for breach of contract, unjust enrichment, fraud, and detrimental reliance arising from a Severance Agreement purportedly confected between Geiger and GAB. (Rec. Doc. 22). Geiger's third suit, ("*Geiger*

---

[1] After Allard filed motions to dismiss in Civ. Act. Nos. 22-cv-5877 (Rec. Doc. 31) and 23-cv-1379 (Rec. Doc. 19) these suits were consolidated with Civ. Act. No. 22-cv-374 (Lead).

*III*, Civ. Act. 23-cv-1379), names GAB; Allard; Barka Global, LLC; Allied Development, Inc.; Jimmy Gravois; Metal Shark Group, LLC; Metal Shark, LLC; Metal Shark Properties; Chris Allard, LLC; Metal Shark Franklin, LLC; MS Commission Co., LLC; Wind Cave Commission Corporation; Shark Tech, LLC; and MS Tech D.O.O. (Rec. Doc. 15). In that suit, Geiger asserts claims for declaratory judgment, revocatory action, violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), breach of contract, breach of fiduciary duty and the obligations of good faith and fair dealing, suppression, affirmative misrepresentation, and for veil piercing under the theory of single business enterprise or alter-ego liability. (*Id.*). These claims arise from an Assignment Agreement purportedly confected between Geiger and Allard.

Now pending before this Court are motions to dismiss filed by defendant Allard as to those claims asserted against him individually in *Geiger II* and *Geiger III*. (Rec. Docs. 31, 19). The motions have been fully briefed and are properly before this Court for consideration.

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at

498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atl.*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atl.*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court is limited to the allegations of the complaint and any exhibits attached thereto; however, the court may also consider documents attached to the defendant's motion if they are referenced in the complaint and central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007). The Court is also permitted to take judicial notice of public records as well as facts which are not subject to reasonable dispute in that they are either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011).

## **Analysis**

### *Prescription of Geiger's breach of contract claim against Allard*

Count One of Geiger's Amended Complaint asserts a claim for breach of the Severance Agreement against GAB. (Rec. Doc. 22 at ¶¶ 37–44). In the alternative, Count Three alleges liability for that breach of contract as to Allard and Jimmy Gravois as mandataries of GAB, the principal. (*Id.* at ¶¶ 52–59). LA. CIV. CODE ANN. art. 3019, concerning mandatary liability, provides that "[a] mandate that exceeds his authority is personally bound to the third person with whom he contracts, unless that person knew at the time the contract was made that the mandatary had exceeded his authority or unless the principal ratifies the contract."

Louisiana law provides that claims for breach of contract are subject to a ten-year liberative prescriptive period, while tort claims are subject to a one-year liberative prescriptive period. LA. CIV. CODE ANN. arts. 3492, 3499.[2] "[A]ny claim made…pursuant to La. Civ. C. Art. 3019 sound[s]

---

[2] At the time of harm alleged in Geiger's claim and the filing of this suit, LA. CIV. CODE ANN. art. 3492 provided that "[d]elictual actions are subject to a liberative prescription of one year…" Effective July 1, 2024, Article 3492 was repealed to provide for a two-year liberative prescription for delictual actions under new Article 3493.11. 2024 La. Sess. Law Serv. Act 423 (H.B. 315) (West). Section 3 of Act 423 specifies that it "shall be given prospective

4

in tort[.] 'Delictual actions are subject to a liberative prescription of one year.'" *Heybeych v. JPMorgan Chase Bank, N.A.*, 2017 WL 443319 at *2 (La. App. 3 Cir. 2/1/2017) (quoting *Heybeych v. JPMorgan Chase Bank, N.A.*, 180 So. 3d 491 (La. App. 3 Cir. 11/4/2015)).

Geiger argues that *Heybeych* is distinguishable from the instant case because in that case the plaintiff failed to plead the existence of a contract with the mandatary. *Heybeych* involved claims of negligence concerning the purchase of two parcels of land. Heybeych alleged that ALM, JPMorgan Chase Bank's real estate agent, failed to communicate his acceptance of the bank's counteroffer, resulting in the sale of the parcels to a third party. *Haybeych*, 2017 WL 443319 at *1. The Louisiana Third Circuit found that any claim for breach of the contract of sale by ALM must be based on an allegation that ALM owned the property at issue. *Heybech*, 180 So. 3d at 498. Absent that allegation, plaintiff's basis of liability was confined to La. Civ. Code Ann. art. 3019 and sounded in tort. *Id.* at 499-500.

Geiger attempts to distinguish the instant case from *Heybeych*, alleging that her claims do identify a contract between herself and Allard, i.e., the Severance Agreement. This argument equates a contract purportedly confected with GAB with one made directly with Allard. Geiger's Count Three is alleged "[i]n the alternative and in the event that the Court finds that Christopher Allard and/or Jimmy Gravois did not have authority to enter into the Severance Agreement on behalf of GAB and/or that the Severance Agreement is otherwise not binding on GAB…." (Rec. Doc. 22 at ¶ 53). Geiger's Amended Complaint does not allege that she believed or was induced to believe that she was contracting with Allard personally. Instead, Geiger clearly alleges she believed she was contracting with GAB, but that in the event GAB may not be held liable under the contract, Allard should be liable pursuant to Art. 3019. (*See, Id.* at ¶¶ 27–36). Geiger's

---

application only and shall apply to delictual actions arising after the effective date of this Act." Accordingly, this Court will apply one-year liberative prescription under La. Civ. Code Ann. art. 3492 in its analysis.

alternative claim against Allard is therefore one for mandatary liability, rather than for breach of contract.

Geiger alleges that GAB ceased paying her in accordance with the Severance Agreement in September of 2021 and discontinued her employee benefits in December of 2021. (Rec. Doc. 22 at ¶¶ 30–32). Geiger claims she believed the cessation of payments to be a mistake, but later learned from GAB's attorney that the cessation of payments was deliberate. (*Id.*). GAB's intention to terminate her employment and all associated benefits was provided to Geiger in writing by letter dated November 30, 2021. (*Id.*). Geiger filed suit on November 3, 2022. (Rec. Doc. 1). Geiger added Allard as a defendant in this matter via Amended Complaint on July 18, 2023. (Rec. Doc. 22).

Prescription under prior LA. CIV. CODE ANN. art. 3492 "commences to run from the day injury or damage is sustained." "Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of the cause of action." *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993) (citing *McCray v. N.E. Ins. Co.*, 579 So. 2d 1156 (La. App. 2 Cir. 1991)). The equitable doctrine of *contra non valentem* tolls prescription when, for instance, the plaintiff's cause of action is "'neither known nor reasonably knowable by the plaintiff.'" *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427, 438 (5th Cir. 2021) (quoting *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 245 (La. 2010)). The party claiming the tolling of prescription bears the burden of proving that *contra non valentem* applies. *Jack v. Evonik Corp.*, 79 F.4th 547, 562 (5th Cir. 2023) (citing *Tenorio v. Exxon Mobil Corp.*, 170 So. 3d 269, 273 (La. App. 3 Cir. 4/15/2015)).

Geiger's instant suit was filed on November 3, 2022. (Rec. Doc. 1). GAB filed its answer and counterclaim on January 9, 2023. (Rec. Doc. 11). Geiger filed an Amended Complaint, adding, *inter alia*, an alternative claim against Allard for mandatary liability under Article 3019

6

on July 14, 2023. (Rec. Doc. 22 at ¶¶ 52–59). Geiger argues that this claim is timely because GAB first informed her that it was taking the position that Allard exceeded the scope of his authority as to the Severance Agreement in a July 16, 2022 letter. (*Id.* at ¶ 65; Rec. Doc. 34 at p. 14).

To the extent that Geiger argues for the application of *contra non valentem* on this issue, this Court finds that argument unavailing. The cessation of payments under the Severance Agreement is the injurious event which, according to Louisiana law, should have given Geiger reason to learn of her claims in this suit. That she did not immediately investigate this injury or anticipate GAB's potential disavowal of Allard's alleged actions in confecting that agreement does not mean it was not "known or reasonably knowable" in this case. Further, Geiger alleges no acts by any defendant that operated to prevent her from knowing of the existence of her claims in this suit. Accordingly, Geiger fails to allege facts which would support the application of *contra non valentem* in this case.

Applying Louisiana's one-year liberative prescriptive period for tort actions to the facts before the Court, the undersigned concludes that any claim against Allard for mandatary liability under LA. CIV. CODE ANN. art. 3019 prescribed one year from the date GAB ceased payment under the Severance Agreement. Based on the allegations of Geiger's Amended Complaint, prescription ran on September 30, 2022 at the latest. (Rec. Doc. 22 at ¶ 30).

Geiger's Amended Complaint asserting mandatary liability against Allard was filed on July 14, 2023, approximately ten months after prescription of the claim at issue. Considering the filing of Geiger's original Complaint on November 2, 2022, at least one month beyond the prescriptive period, this Court agrees that, even if the Amended Complaint's new claim against Allard under LA. CIV. CODE ANN. art. 3019 was construed as relating back to the original Complaint, it would remain untimely as prescribed under prior LA. CIV. CODE ANN. art. 3492. For these reasons, this

Court will recommend that Allard's instant motion be granted as to Geiger's claim against him in Count Three of the Amended Complaint.

***Prescription of Geiger's fraud claim against Allard***

Count Four of Geiger's Amended Complaint alleges fraud by Allard and Jimmy Gravois as another alternative claim in the event the Severance Agreement is found to be nonbinding as to GAB. (Rec. Doc. 22 at ¶¶ 60–67). Allard's motion seeks dismissal of this claim against him on the basis of prescription. (Rec. Doc. 31-1 at pp. 4–5). Allard argues that Geiger's fraud claim asserts damages *ex delicto*, rather than damages *ex contractu*, making it subject to one-year liberative prescription under former La. Civ. C. Art. 3492. (*Id.*).

Fraud claims may arise in contract and in tort. *Clark v. Constellation Brands, Inc.*, 348 Fed. App'x 19, 21–22 (5th Cir. 2009) (citing *Griffin v. BSFI Western E & P, Inc.*, 812 So. 2d 726, 734 (La. App. 1 Cir. 2/15/02)). Fraud which vitiates consent sounds in contract, generally resulting in rescission of the contract. LA. CIV. CODE ANN. arts. 1948, 1958. Fraud which results from intentional or negligent misrepresentation sounds in tort. Where a contract exists between the parties, a plaintiff's claim sounds in tort absent an allegation that a specific contract provision or duty is breached. *Clark*, *supra*.

Louisiana courts look to the allegations and prayer for relief in determining whether a plaintiff's fraud claim sounds in contract or in tort. *Clark, supra*, at 22 (citing *Ins. Storage Pool, Inc. v. Parish Nat'l Bank*, 732 So. 2d 815, 817 (La. App. 1 Cir. 5/14/99)). Geiger's Amended Complaint alleges that, if the Severance Agreement is found to be unenforceable as to GAB, Allard should be liable for its specific performance and damages based on his misrepresentation of his authority to enter into that contract on GAB's behalf. Geiger does not ask for rescission of the contract but, again, for specific performance and damages flowing from Allard's misrepresentation. (Rec. Doc. 22 at ¶¶ 60–67, p. 25). This Court finds that Geiger's claims allege

8

intentional misrepresentation by Allard and sound in tort. As such, Geiger's fraud claim is *ex delicto* and subject to one-year liberative prescription under LA. CIV. CODE ANN. art. 3492.

As with her Article 3019 claim, Geiger argues that her fraud claim was filed within one year of discovery of the underlying facts apprising her of the existence of the claim. (Rec. Doc. 34 at pp. 13–14). Like Geiger's Article 3019 claim, her claim for fraud against Allard accrued on the date of her injury, September 30, 2021, at the latest. That Geiger did not anticipate the need to name Allard individually in her suit is not a basis for the application of *contra non valentem*. Geiger's Amended Complaint also fails to allege any act by Allard for the purpose of concealing or preventing Geiger from filing her claim. Accordingly, this Court will recommend that Allard's motion be granted as to Geiger's fraud claim against him individually asserted in Count Four of the Amended Complaint.

***Prescription of Geiger's detrimental reliance claim against Allard***

Count Five of Geiger's Amended Complaint asserts a claim for detrimental reliance against Allard and Jimmy Gravois as yet another alternative claim in the event the Severance Agreement is found to be nonbinding as to GAB. (Rec. Doc 22 at ¶¶ 68–75). Allard's motion also seeks dismissal of this claim as prescribed under LA. CIV. CODE ANN. art. 3492. (Rec. Doc. 31-1 at p. 5).

To determine the applicable prescriptive period for detrimental reliance claims under Louisiana law, courts must consider whether the claim alleges nonfeasance or misfeasance by the defendant. *City of Alexandria v. Cleco Corp.*, 2010 WL 290506 at *10 (W.D. La. 1/22/2010). Geiger claims that she was induced to enter into the Severance Agreement by Allard's promises that the agreement would be binding and that, based on her belief in Allard's promises, she rendered substantial consulting services to GAB under that agreement. (Rec. Doc. 22 at ¶ 74). Geiger's claim does not allege that Allard failed to perform any obligation under the terms of the

9

Severance Agreement or that he rendered insufficient performance of any obligation under that contract. Instead, this claim is duplicative of Count Four's fraud claim, as it alleges that Allard misrepresented his authority to bind GAB to the Severance Agreement.

A court is not bound to accept a plaintiff's characterization of a claim where it is unsupported by factual allegations. *Ames v. Ohle*, 97 So. 3d 386, 393 (La. App. 4 Cir. 5/23/12) (citing *Kroger Co. v. Barcus & Sons, Inc.*, 13 So. 3d 1232, 1235 (La. App. 2 Cir. 6/17/09)). Whether viewed as duplicative of Geiger's fraud claim or as an independent claim, this Court views Geiger's allegations as those for misfeasance, rather than for nonfeasance. As such, Geiger's claim for detrimental reliance sounds in tort and is prescribed pursuant to LA. CIV. CODE ANN. art. 3492. On that basis, this Court will recommend that Allard's motion be granted as to Geiger's claim for detrimental reliance against him asserted in Count Five of the Amended Complaint.

### *Sufficiency of Geiger's LUTPA claim against Allard*

*Geiger III* asserts claims against defendants arising from an Assignment Agreement under which Allard assigned a 25% financial interest in GAB to Geiger while reserving all voting and management rights associated with that portion of the ownership interest to himself. (Rec. Doc. 15 at ¶¶ 189–203). Count Five of Geiger's Amended Complaint alleges violation of the Louisiana Unfair Trade Practices Act ("LUTPA") against Allard and other named defendants. (*Id.*). Allard's motion in that case seeks dismissal of Geiger's LUTPA claim for failure to state a claim. (Rec. Doc. 19). Allard asserts that Geiger's allegations are not sufficient to support a claim under the LUTPA and should be dismissed. (*Id.*).

Geiger alleges that Allard breached the Assignment Agreement when he voted to approve certain transactions involving defendants Allied and Barka that resulted in a breach of the Assignment Agreement by dilution of Geiger's financial interest from 24% to 0.5%. (Rec. Doc.

10

15 at ¶¶ 121, 200). Moreover, Geiger alleges that these transactions were undertaken for the specific purpose of diluting her financial interest. (*Id.* at ¶ 200).

The LUTPA creates a private right of action for "unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" La. R.S. 51:1405(A). Where a person "suffers any ascertainable loss of money…as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by La. R.S. 51:1405" that person may sue to recover treble damages, attorney fees and costs. La. R.S. 51:1409. The statute defines "person" to include both natural persons and legal entities. La. R.S. 51:1402.

Geiger's claim clearly alleges that Allard's conduct in the Allied/Barka transactions constituted an "unfair or deceptive act or practice" under the LUTPA. (Rec. Doc. 15 at ¶¶ 189–203). Allard's motion is characterized as one under Rule 12(b)(6) but is actually in the nature of a motion for summary judgment, arguing that the alleged conduct does not qualify as a violation. Allard cites no authority for the theory that, taken as true, Allard's alleged conduct during the Allied/Barka transactions is not a violation of the LUTPA as a matter of law. Instead, the motion invites the Court to weigh the merits. This Court agrees that consideration of the Assignment Agreement is proper because it is referred to at length in Geiger's Amended Complaint. *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). However, the purpose for which Allard advocates extends beyond the sufficiency of the pleadings under Rule 12(b)(6). *Id.* (citing *Sewell v. Monroe City School Bd.*, 974 F.3d 577, 582 (5th Cir. 2020)). For this reason, this Court will recommend that Allard's motion be denied as to Geiger's LUTPA claim.

*Sufficiency of Geiger's breach of fiduciary duty claim against Allard*

Count Eight of Geiger's Amended Complaint regarding the Assignment Agreement alleges breach of fiduciary duty by Allard. (Rec. Doc. 15 at ¶¶ 222–229). Allard's motion seeks dismissal of that claim pursuant to Rule 12(b)(6). (Rec. Doc. 19 at pp. 5–7). Allard argues that he did not assume a fiduciary duty to Geiger under the Assignment Agreement. (*Id.* at p. 6).

To prove a breach of fiduciary duty under Louisiana law, a plaintiff must show: (1) a fiduciary duty between the plaintiff and defendant; (2) a breach of that duty by the defendant; and (3) a injury to the plaintiff or benefit to the defendant resulting from that breach. *U.S. Small Business Admin. v. Beaulieu*, 75 Fed. App'x 249, 252 (5th Cir. 2003) (citing *Brockman v. Salt Lake Farm P'ship*, 768 So. 2d 836, 844 (La. App. 2 Cir. 10/4/2000), *writ denied*, 777 So. 2d 1234 (La. 12/15/2000)). "[W]hether a fiduciary duty exists, and the extent of that duty, depends upon the facts and circumstances of the case and the relationship of the parties." *Scheffler v. Adams & Reese, LLP*, 950 So. 2d 641 (La. 2/22/2007).

Geiger's Amended Complaint alleges "[t]hrough their representations and assurances during and after the creation of the Assignment Agreement…Allard…assumed a fiduciary duty to Ms. Geiger with respect to GAB." (Rec. Doc. 15 at ¶ 225). Allard attaches the Assignment Agreement to his motion and argues that this agreement contains no terms out of which a fiduciary duty might have arisen under Louisiana law. (Rec. Doc. 19-1). Although this Court agrees, again, that it may consider the Assignment Agreement's text because it was specifically referred to in Geiger's Amended Complaint, Geiger's allegation is that by "representations and assurances made during and after the creation of the Assignment Agreement" a fiduciary duty was created between Allard and Geiger. (Rec. Doc. 15 at ¶ 225). Stated differently, Geiger's allegation of fiduciary

12

duty is not based on the agreement, but on "representations and assurances" made by Allard before and after the agreement was confected.[3]

Review of the Assignment Agreement supports Allard's argument that no provision within that agreement gives rise to a fiduciary duty between Geiger and Allard. (*See* Rec. Doc. 19-1). To the extent that Geiger's claim for breach of fiduciary duty by Allard is premised on the Assignment Agreement, dismissal is appropriate. However, as noted above, Geiger's claim against Allard clearly alleges that the operative fiduciary duty arose from "representations and assurances made during and after the creation of the Assignment Agreement." (Rec. Doc. 15 at ¶ 225). Allard's motion does not address the sufficiency of this allegation and, as such, this Court will not recommend dismissal of this portion of Geiger's claim.

## Conclusion

For the reasons discussed herein, the Court recommends that the Motion to Dismiss originally filed by defendant Christopher Allard in Civ. Act. No. 22-CV-5877 (Rec. Doc. 31) be GRANTED such that claims by plaintiff Sarah Geiger against Allard for breach of contract, fraud, and detrimental reliance be DISMISSED with prejudice as prescribed under LA. CIV. CODE ANN. art. 3492. Considering the foregoing, it is further recommended that Allard's motion be DENIED as MOOT in all other respects.

This Court also recommends that the Motion to Dismiss originally filed by Allard in Civ. Act. No. 23-CV-1379 (Rec. Doc. 19) be GRANTED, dismissing without prejudice Geiger's breach of fiduciary duty claim against Allard to the extent that such claim is premised upon a fiduciary duty arising out of the Assignment Agreement, and DENIED in all other respects.

---

[3] Further in Count Eight, Geiger appears to allege that co-defendants Barka Global and Allied Development assumed the fiduciary duty undertaken by Allard when these entities acquired Allard's 50% share membership in GAB. (Rec. Doc. 15 at ¶ 227). In this way, the bases of Geiger's allegations of fiduciary duty differ between defendants.

13

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 24th day of July, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**