UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SARAH GEIGER | CASE NO. 6:22-CV-00374 LEAD |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| GRAVOIS ALUMINUM BOATS L L C | MAGISTRATE JUDGE DAVID J. AYO |

**O R D E R**

Now before this Court is second PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (Rec. Doc. 86) filed by Plaintiff Sarah Geiger.[1] Plaintiff's motion was set for hearing before the undersigned Magistrate Judge and was heard in open court on Wednesday, January 15, 2025. (*See*, Rec. Doc. 87). Appearing before this Court at the hearing were Geoffrey Ormsby and Reagan Wilty on behalf of Plaintiff, and Paul Simon on behalf of Respondent-Defendant Gravois Aluminum Boats, LLC ("GAB"). Pursuant to the December 19, 2024 Order issued in this matter, briefs were filed and reviewed by the undersigned prior to the hearing. (Motion, Rec. Doc. 86; Opposition, Rec. Doc. 88; Reply, Rec. Doc. 89). In addition to the ordered briefs, GAB sought leave to file a sur-reply by motion filed on January 14, 2025. (Rec. Doc. 90). GAB's MOTION FOR LEAVE TO FILE SUR-REPLY was granted by the undersigned in open court and the proposed brief was duly considered.[2]

Plaintiff's motion seeks an order compelling responses to her Second Set of Interrogatories and Request for Production of Documents, propounded upon GAB on

---

[1] Plaintiff's first MOTION TO COMPEL (Rec. Doc. 25) was granted by this Court. (Rec. Doc. 64). GAB was, thereby, ordered to produce corporate officer Nate Geiger and corporate officer/defendant Chris Allard for deposition within the applicable discovery period and was further taxed with costs in the amount of $3,305.00. (Rec. Doc. 72).

[2] GAB's motion was deemed deficient based on format (paper size) and failure to note consent or non-consent of opposing party. (*See*, Rec. Doc. 91). Nevertheless, the undersigned permitted the filing due to the impending hearing.

September 4, 2024. (Rec. Doc. 86-4). Motions to compel discovery responses are governed by Fed. R. Civ. P. 37(a)(3)(B), which permit the filing of such motions where, *inter alia*, "a party fails to answer an interrogatory submitted under Rule 33…or fails to produce documents…under Rule 34[.]" Rule 37 requires that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As a preliminary matter GAB asserts that Plaintiff's motion is premature because Plaintiff's counsel failed to confer in good faith under Rule 37(a)(1) prior to filing. The evidence before this Court reveals efforts to confer in good faith about GAB's failure to respond to discovery beginning no later than Monday, October 28, 2024, at which point GAB's 30-day window for response had already lapsed. (Rec. Doc. 86-6 at p. 1). These efforts continued until December 18, 2024 when this motion was filed. Email correspondence indicates that Ms. Wilty cautioned Mr. Simon on December 1, 2024 that GAB must give its responses on or before the close of business on Wednesday, December 4, 2024, failing which Plaintiff would move to compel. (Rec. Doc. 86-10 at p. 1). GAB failed to offer any response to the outstanding discovery and, after waiting an additional 14 days, Plaintiff filed the instant motion. GAB points to a single telephone call on October 28, 2024, arguing that this call did not constitute a Rule 37 conference because the topics discussed did not include GAB's lack of response to outstanding discovery. (Rec. Doc. 88 at pp. 3–4). Taken together, counsel's correspondence demonstrates ongoing efforts to elicit GAB's required responses without court action spanning more than a month.

To the extent that Plaintiff's efforts at securing GAB's responses to outstanding discovery might be deemed deficient as a required "meet and confer" conference under Rule 37(a)(1), the undersigned notes that any such deficiency is excusable under the circumstances of this case, as such a conference would have been cumulative and

2

unproductive. *Samsung Electronics America, Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 288 (N.D. Tex. June 26, 2017) (summary denial of a motion to compel unwarranted solely based on the movant's failure to meet and confer under Rule 37(a)(1) where the circumstances of the case indicate such effort would be a waste of time) (internal citations omitted). This view is reinforced by GAB's continued failure to respond to the subject discovery requests during the 28 days for which Plaintiff's motion to compel has been pending. Accordingly, this Court does not find that Plaintiff's instant motion is premature under Fed. R. Civ. P. 37(a)(1). Concerning timeliness, the undersigned further notes that the operative Scheduling Order in this case, issued on October 24, 2024, sets the discovery deadline in this case for October 27, 2025. (*See*, Rec. Doc. 85 at p. 2). Thus, Plaintiff does not seek to compel out-of-time discovery by this motion.

Under Federal Rules 33 and 34, a party upon whom interrogatories and/or requests for production of documents is served must respond within 30 days. Where a party owing such responses objects to any interrogatory or request for production, it must state the grounds for such objection "with specificity." Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B). In the absence of good cause, a party's failure to timely object to interrogatories or requests for production constitutes a waiver of such objections. *In re: United States of America*, 864 F.2d 1153, 1156 (5th Cir. 1989).

As confirmed by the undersigned at the hearing, the parties do not dispute that GAB failed to respond to Plaintiff's Second Set of Interrogatories and Request for Production of Documents. Moreover, no party represents that one or more stipulations to extend the permissible period in which GAB might respond to these discovery requests was filed in the record of this case. Review of the record confirms that no such stipulations filed by the parties. In the absence of stipulations on the record or a court order permitting

3

enlargement, GAB's responses and/or objections to Plaintiff's propounded discovery were due on or before Friday, October 4, 2024.

GAB argues that good cause exists for this Court not to deem its complete lack of response to Plaintiff's discovery requests as a waiver of objections in this case. First, GAB points to informal email communication between Ms. Wilty and Mr. Simon as evidence that Plaintiff agreed to various extensions of time as a matter of professional courtesy among counsel. (*See*, Rec. Docs. 86-5–10; 88-2–7). GAB characterizes Plaintiff's decision to file the instant motion as a sudden change of tactic following continuation of the original trial date. (Rec. Doc. 88 at pp. 3–4).

On September 17, 2024, Plaintiff filed a MOTION FOR EXTENSION OF CERTAIN PRE-TRIAL DEADLINES (Rec. Doc. 81), to which GAB consented. In that motion, Plaintiff requested extensions of various pretrial deadlines by approximately 60 days based, in part, on outstanding discovery. (*Id.* at ¶ 4). At the time of that filing, GAB was still within its 30-day response period. Finding Plaintiff's requested relief incompatible with the trial date then assigned, a telephone scheduling conference was held on October 21, 2024, during which new pretrial conference and trial dates were selected. (*See*, Rec. Docs. 82–85). The instant motion was not filed until December 18, 2024, demonstrating that Plaintiff's attempts to work with GAB to obtain the responses at issue continued after the trial date was reset. In short, the evidence shows that Ms. Wilty did extend professional courtesies in the form of informal extensions of time, but GAB's continued failure to provide any response to outstanding discovery exceeded the capacity of those courtesies.

GAB argues that certain interrogatories and requests for production propounded upon it by Plaintiff are "overly broad and burdensome and not related any disputed allegation or claim." (*See*, Rec. Doc. 88 at 7). Having failed to provide any response as required under Rules 33 and 34, any such objections were waived by GAB. As explained on

4

the record in the hearing of this motion, having found that no good cause exists for GAB's conduct in this matter, this Court applies the general rule that objections not stated with specificity during the applicable delay (under the Federal Rules of Civil Procedure, by stipulation of the parties filed in the record, or by court order) are waived. Moreover, GAB's blanket objections are insufficient under the specificity requirements of Rules 33(b)(4) and 34(b)(2)(C) and would not have been an appropriate basis for relief from this Court in the form of a protective order under Rule 26(b)(3)(B), had GAB sought such relief. Again, GAB did not seek a protective order from this Court.

At hearing, the undersigned noted an additional issue which was raised in this Court's Order granting Plaintiff's first MOTION TO COMPEL. (Rec. Doc. 64 at 1–2). To the extent that Mr. Simon was serving as GAB's transactional attorney and, in that capacity, advising GAB on restructuring, capitalization, and related matters, Mr. Simon may properly be characterized as a witness in this litigation regarding Plaintiff's claims centered on those transactions. Given the impact of Rule 3.7 of the Louisiana Rules of Professional Conduct, the parties are instructed to review *Whitney Bank v. SMI Companies Global, Inc.*, 2018 WL 3978581 (W.D. La. 8/20/2018), particularly as to the factors considered by courts regarding the issue of attorney disqualification. As discussed at the hearing, to the extent warranted, the parties are strongly advised to present the issue of attorney disqualification to the Court at the earliest possible juncture.

Considering the foregoing, it is hereby

ORDERED that PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES (Rec. Doc. 86) is GRANTED. Accordingly, it is further

ORDERED that GAB will provide complete responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents on or before MONDAY, FEBRUARY 17, 2025 at 5:00 p.m. No objections may be made to such production,

excepting any applicable attorney-client privilege and/or attorney work product. Pursuant to Fed. R. Civ. P. 26(b)(5), GAB will produce a privilege log as to any document withheld by GAB on the basis of the defenses of attorney-client privilege or attorney work product. It is further

ORDERED that Plaintiff's incorporated Motion for Sanctions is GRANTED. It is therefore additionally

ORDERED that defendant Gravois Aluminum Boats, LLC is TAXED with Plaintiff's reasonable expenses incurred in bringing the instant motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A). To that end, Plaintiff will file a bill of costs on or before FRIDAY, FEBRUARY 21, 2025. GAB may file any desired traversal of Plaintiff's bill of costs within FIFTEEN DAYS thereafter.

SO ORDERED this 16th day of January, 2025, at Lafayette, Louisiana.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**